UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PERCY L. DAVIS

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-1519

JUDGE STAGG

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Percy Davis ("Plaintiff") was receiving disability benefits when, in 1980, the agency

notified him that his benefits were being terminated because the medical evidence showed

that he had become able to do substantial gainful work. A class action was later filed that

challenged the Commissioner's application of certain regulations and policies, which resulted

in an order (the "remedial order") that allowed claimants who were part of the defined class

to have their claims re-opened and re-adjudicated in accordance with the appropriate law.

See Dixon v. Sullivan, 792 F.Supp. 942 (S. D. N.Y. 1992), affirmed, Dixon v. Shalala, 54

F.3d 1019 (2d Cir. 1995).

Plaintiff presented the agency with a request to review his claim pursuant to the Dixon

remedial order, but the agency ruled that Plaintiff was not a member of the class. Plaintiff

filed this civil action, and the Commissioner responded with a Motion for Summary

Judgment (Doc. 13) on the grounds that Plaintiff failed to exhaust his administrative

remedies before filing suit. It is recommended, for the reasons that follow, that the motion

be granted and this case be dismissed without prejudice.

**Analysis**

Documents attached to Plaintiff's complaint reflect that the agency notified him in

August 1995 that he had the right, pursuant to <u>Dixon</u>, to ask the agency to re-evaluate his

claim. Plaintiff was directed to return a form within 90 days from his receipt of the notice

if he wanted reevaluation. Plaintiff returned the request, and the agency acknowledged

receipt and advised Plaintiff that it may take some time to review the file because of the large

number of class members.

The agency notified Plaintiff in June 2000, about five years later, that it had reviewed

his claim under the <u>Dixon </u>order and decided that Plaintiff was not a <u>Dixon</u> class member

entitled to relief, so Plaintiff's claim would not be reviewed. The notice advised Plaintiff that

if he did not agree with the decision he could contact the agency in writing. The notice made

clear: "YOU MUST DO THIS WITHIN 90 DAYS OF RECEIVING THIS NOTICE." The

Government represents that Plaintiff did not reply within that time, but there are indications

that Plaintiff did request a review on one or maybe two occasions.

The record contains a July 2004 letter from the agency to an attorney with the Legal

Aid Society in New York (class counsel), with a copy sent to Plaintiff. Neither party has

explained the background leading to this letter, but it advises (consistent with the June 2000

notice) that Plaintiff has been determined not to be entitled to relief under <u>Dixon</u>, and it says

Plaintiff had requested a review of that determination. The attorney was advised that the claims file was at a location in New York and ready for his review. The agency stated that, according to paragraph 9 of the <u>Dixon</u> remedial order, the attorney had 90 days from his receipt of the letter to inspect the file. If, at the end of the 90 day period, the attorney had not reviewed the file, the agency stated it would assume he did not wish to do so. The agency further stated if the attorney still disagreed with the screening determination, an attorney with the agency would be happy to discuss the issue with him, as provided in paragraph 9 of the <u>Dixon</u> remedial order.

Plaintiff filed this civil action in 2005 seeking judicial review of the decision that he is not a member of the <u>Dixon</u> class. Before the court is a Motion for Summary Judgment (Doc. 13) filed by the Commissioner on the grounds that Plaintiff has failed to exhaust his administrative remedies before filing suit. The Commissioner does not, however, suggest what the appropriate administrative route was in this case, and she has not submitted a copy of the <u>Dixon</u> remedial order that lies at the heart of the dispute. The court was able to obtain a copy of the remedial order from the agency's Office of the General Counsel, and it has been filed in this record.

Paragraph 9 of the remedial order provides that persons who request re-adjudication pursuant to the relief ordered in the class action will be screened for class membership by the agency. If the agency determines that an individual is not a class member, a denial notice is to be mailed to the person, with a copy to class counsel. The notice must provide that the

person denied class membership will have 90 days from receipt to seek review of the denial by contacting the agency in writing. Paragraph 9 goes on to explain the process by which class counsel may inspect the administrative record, as set forth in the letter described above, within a 90 day period. If class counsel does not review the record within that time, the remedial order provides that it shall be assumed that review is not desired. If class counsel contends the person is a member of the class, the remedial order directs that he attempt to resolve the dispute by negotiation with counsel for the agency. If, after negotiation, the agency adheres to its determination that the person is not a class member, the agency shall send written confirmation of denial to class counsel and the individual. The final step in the process is described as follows: "Class counsel or the individual may then, by duly noticed motion filed within 60 days of receipt of the confirmation notice, submit the matter to the Court for resolution." The order adds that if a timely motion is not filed, "the class membership denial shall be final and not subject to further review."

It appears, from the rather incomplete materials in the record, that Plaintiff wrote to Senator Mary Landrieu and complained that he had challenged his June 2000 screen-out determination but had not heard from the agency. An agency employee, responding to an inquiry from Senator Landrieu, wrote in November 2001 that he was forwarding the matter to the Office of the General Counsel, who handled such matters. That letter apparently resulted in the July 2004 letter from the Office of the General Counsel to class counsel,

advising him that Plaintiff had been determined not to be a member of the <u>Dixon</u> class and that the record was available for review pursuant to paragraph 9 of the remedial order.

Plaintiff writes in his memorandum in opposition (Doc. 15) that, since the July 2004 denial, he has written class counsel several times but has not heard anything regarding his claim. Plaintiff states: "Based on the above I filed a civil suit" in district court.

The federal court's jurisdiction to review actions by the Commissioner with respect to disability benefits claims is limited by statute. Congress provided in 42 U.S.C. § 405(g) a procedure by which a person may, after exhausting his administrative remedies, obtain a review of a decision by filing a civil action in court. In Section 405(h), Congress provided that no decision of the Commissioner shall be reviewed by any person, tribunal or governmental agency except as provided in the statute, and no action against the Commissioner may be brought under the ordinary federal-question jurisdiction of the district courts to recover on any claim arising under the sub-chapter.

This is, without question, not a timely civil action filed to challenge a final decision of the Commissioner regarding disability status. Rather, this is a challenge to the Office of the General Counsel's decision that Plaintiff is not a member of the <u>Dixon</u> class. The <u>Dixon</u> court's remedial order provides specific procedures to challenge such decisions. Filing a civil action in the Western District of Louisiana is not permitted or provided for in the remedial order issued by the United States District Court for the Southern District of New York. Conflicts about class membership must be directed to that court after compliance with

the procedures set forth in its remedial order. Accordingly, this court lacks jurisdiction to hear Plaintiff's complaint.

Accordingly;

IT IS RECOMMENDED that the Commissioner's **Motion for Summary Judgment (Doc. 13)** be **granted** and that this civil action be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 31st day of July,

2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE